sentences would still be consecutive to the New Jersey sentences and concurrent with the sentence to be imposed in Missouri.

Thereafter, on September 30, 1982, before sentencing defendant, the trial court found him to be a persistent violent felony offender, upon the basis of two 1974 New Jersey convictions for armed robbery.

Defendant contends, and the People concede, that defendant was not properly adjudicated a persistent violent felony offender, since he was sentenced for both of the subject New Jersey armed robberies on the same day. We agree. Recently, we, unanimously, held in *People v Laster* (118 AD2d 509 [1st Dept 1986]) that when convictions occur on the same day they "should [be] deemed a single conviction for purposes of enhanced sentencing. *(People v Morse,* 62 NY2d 205.)* Thus, defendant is entitled to have his sentence vacated".

In the instant case, we find no reason to remand for resentencing since the trial court, as mentioned, *supra,* provided for an alternative sentence if defendant was determined not to be a persistent violent felony offender.

Accordingly, we modify the judgment to the extent of reducing the sentence on the manslaughter count to 12½ to 25 years, and on the attempted robbery count to 7½ to 15 years, and, except as thus modified, we otherwise affirm. Concur—Murphy, P. J., Kupferman, Ross, Lynch and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY JOHNSON, Appellant.—Judgment, Supreme Court, New York County (Sheldon Levy, J.), rendered on May 20, 1985, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.)* We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Murphy, P. J., Sandler, Asch, Rosenberger and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS JONES, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered on March 3, 1983, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.)* We have reviewed this record and